OPINION
{¶ 1} Defendant Charles E. Salyer appeals a judgment of the Court of Common Pleas of Knox County, Ohio, which granted the request for injunctive relief brought by Hilliar Township Zoning Inspector, Brad Moreland. The court granted a permanent injunction and ordered appellant to remove a structure on his property in Centerburg, Knox County, Ohio, because it found the structure was a commercial structure not permitted by the local zoning ordinances. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court erred in its determination that the land was not being used for agricultural purposes pursuant to ORC519.01 and 519.21."
 {¶ 3} Appellee cited appellant for failure to secure a permit for construction of a commercial storage building on appellant's property. At trial, appellant contested the assertion the building was commercial, urging it was being used for agricultural purposes, namely, to park farm tractors and other equipment incidental to their agricultural use.
 {¶ 4} Our standard of reviewing judgments challenged as against the manifest weight of the evidence is to review the record and determine whether there is sufficient competent and credible evidence supporting the trial court's judgment, C.E. Morris Company v. Foley ConstructionCompany (1978), 54 Ohio St. 2d 279. In reviewing the judgment, this court may not substitute its judgment for that of the trial court, Myers v.Garson (1993), 66 Ohio St. 3d 610.
 {¶ 5} Appellee cites us to R.C. 519.21, which states no township shall prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incidental to the use of land for agricultural purposes. Agriculture is defined in R.C. 519.01 as farming, ranching, aquaculture, apiculture, horticulture, viticulture, animal husbandry, poultry husbandry, dairy production, production of field crops, pasturage, and a combination of the foregoing, or the processing, drying, storage, and marketing of agricultural products conducted in conjunction with the above. Appellee concedes if the building was constructed for agricultural purposes appellant was not required to obtain a building permit.
 {¶ 6} The building in question is approximately 100 feet long, and 30 feet wide. Appellee presented the testimony of David Altizer, a former zoning inspector, who stated he looked at the building when the doors were open, and observed it was a commercial storage facility. Each room is approximately 8 feet wide and each of the 22 doors has an individual lock. Altizer testified he was familiar with commercial storage buildings and found this building was no different from a typical commercial storage business. Appellee testified the doors on the individual bays were the size of normal garage doors.
 {¶ 7} Appellee also testified appellant was advertising a business he operated known as Central Ohio Storage. Appellee presented exhibits in the form of a pen and a page out of the local phone directory, both bearing the same phone number. The address associated with the phone was not the address of the building in question, but was on the other end of the property, perhaps 250 feet away. Appellee conceded he had observed no indications at all that the building was in fact being used for commercial storage. Altizer also conceded he had no personal knowledge of what was actually in the building or what use appellant made of the building. Altizer testified his opinion was based upon the appearance of the building.
 {¶ 8} Appellant testified he does operate commercial rental and storage at another site, but does not use the facility in question for rental or storage, but only for storing agricultural equipment. Appellant testified the building has individual bays, but the walls are removable to provide more flexibility for the use of the space. Appellant testified he had tractors, a pressure washer, and an auxiliary generator, as well as table saws, planers, and edgers he used in constructing other buildings on the farm.
 {¶ 9} We find the appearance of the building is not the controlling factor, nor is whether the building could potentially be used for commercial purposes. We have reviewed the record, and we find no testimony tending to show appellant used the building for commercial purposes. To the contrary, the only evidence before the court was appellant's testimony the sole use to which appellant put the building was agriculturally related. Under the state of this record, there was no evidence supporting the court's finding the building was a commercial building. Unless and until appellee demonstrates appellant is using the building for commercial purposes, the building is not a commercial building. We find the trial court's decision was against the manifest weight of the evidence.
 {¶ 10} The assignment of error is sustained.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Oho, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., Boggins, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Oho, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.